UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LICIA L. HARPER, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 4:17CV02495 ERW |
| | ) | |
| ASCENSION HEALTH ALLIANCE, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Ascension Health Alliance's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement [20] and Plaintiff Licia L. Harper's Motion for Entry of Default [22].

**I.    BACKGROUND**

On December 30, 2016, Plaintiff Licia L. Harper ("Plaintiff") filed a "Petition for Unlawful Discriminatory Practices" in the Circuit Court of St. Louis County, Missouri, asserting two counts against Defendant Ascension Health Alliance ("Ascension") for retaliatory discrimination because of race and disability and discriminatory discharge in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq*. On May 4, 2017, Plaintiff filed a first amended petition against Ascension. On September 18, 2017, Plaintiff filed, *pro se*, a second amended complaint against Ascension, one hundred unknown individuals, ten unknown corporations, and ten unknown other entities. Her second amended complaint asserts five counts: (I) breach of contract; (II) violations of the American with Disabilities Act ("ADA"); (III) disability discrimination in violation of the MHRA; (IV) retaliation in violation of the ADA

and MHRA; and (V) wrongful termination in violation of public policy.

On September 19, 2017, Plaintiff's counsel filed a motion to withdraw due to Plaintiff filing a *pro se* complaint. On September 28, 2017, Ascension removed the matter to this Court pursuant to federal question jurisdiction. On October 16, 2017, the Court granted Plaintiff's counsel's request to withdraw. Ascension filed the pending motion to dismiss on November 9, 2017. Plaintiff informed the Court she intends to proceed *pro se* on November 16, 2017, at the same time as filing the pending motion for entry of default. The Court will first address Plaintiff's motion for entry of default and then Ascension's motion to dismiss.

## II. MOTION FOR ENTRY OF DEFAULT

Plaintiff asserts two reasons default should be entered against Ascension. First, Plaintiff argues Ascension is in default, because it filed its motion to dismiss on November 9, 2017, and it was due on November 8, 2017. Ascension states it asked for a two-week extension of time to file its answer, which would have made its answer due on November 9, 2017, but due to a mistake in its filing, it asked for it to be due on November 8, 2017, which the Court granted.

Plaintiff is correct that Ascension filed its response to her petition one day past the deadline set by the Court. However, filing a responsive pleading one day late is not cause for entry of default. Default judgments are not favored by law and are in the sound discretion of the Court to enter. *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). This was an inadvertent failure to file within the time set by the Court. It resulted in no prejudice to Plaintiff. Therefore, the Court will deny Plaintiff's motion for entry of default.

## III. MOTION TO DISMISS

In its motion to dismiss, Ascension asks the Court to either dismiss Plaintiff's complaint or require her to file an amended complaint because it is "so vague and ambiguous" Ascension

2

cannot reasonably prepare an answer or a response. Plaintiff's response to Ascension's motion to dismiss was simply to reassert her argument Ascension is in default.

Federal Rule of Civil Procedure ("FRCP") 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 12(e) allows a party to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response. "A motion for more definite statement is proper when a party is unable to determine issues he must meet . . ." *Tinder v. Lewis Cty Nursing Home Dist.*, 207 F.Supp.2d 951, 959 (E.D. Mo. 2001). Motions for a more definite statement are appropriate when a complaint is unintelligible rather than lacking in detail. *Id*. It is not a substitute for discovery. *Id*. "[D]ismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend." *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983).

The Court will grant Ascension's motion to dismiss and allow Plaintiff leave to amend her complaint. Plaintiff's second amended complaint is 58 pages long and includes 360 paragraphs. It includes book quotes and numerous allegations which have no relevance to the action. The style of this pleading would make "an orderly trial impossible" and Ascension cannot be expected to respond to such an unwieldly complaint. *See id.*, at 439. Further, Plaintiff's second amended complaint repeatedly uses "defendants" and does not specify if she is referring to Ascension or one of the unnamed defendants. This unfairly burdens Ascension and the Court because it shifts "the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." *Gurman v. Metro Housing & Redevelopment Auth.*, 842 F.Supp.2d 1151, 1153 (D. Minn. 2011). "It is the plaintiff's burden under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable

claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." *Id*. Therefore, the Court will grant Ascension's motion and will allow Plaintiff 30 days from the date of this order to file a third amended complaint that complies with the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ascension Health Alliance's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement [20] is **GRANTED**. Plaintiff shall file an amended complaint no later than thirty days from the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff Licia L. Harper's Motion for Entry of Default [22] is **DENIED**.

Dated this 15th Day of December, 2017.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE